J-A01015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CASTLE 2016 LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE KULP AND OCCUPANTS | : | |
| | : | |
| Appellant | : | No. 866 EDA 2018 |

Appeal from the Judgment Entered February 27, 2018
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): No. 2016-C-2146

BEFORE: OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.: **FILED APRIL 09, 2019**

Wayne Kulp and Occupants (hereinafter "Kulp") appeal from the judgment for possession of real property, entered February 27, 2018, in the Lehigh County Court of Common Pleas, in favor of Castle 2016 LLC ("Castle"). On appeal, Kulp argues the trial court acted without authority when it molded an arbitration award more than 30 days after it was entered. For the reasons below, we affirm.

The pertinent facts and procedural history underlying this appeal are as follows. On July 22, 2016, Castle initiated this ejectment against Kulp and any other occupants of a property located at 2264 Seipstown Road, Foglesville, Pennsylvania. Castle subsequently filed a Second Amended Complaint on June 27, 2017, averring that it obtained the deed to the property

on May 19, 2016,[1] and recorded a Confirmatory Deed on October 31, 2016. *See* Second Amended Complaint, 6/27/2017, at ¶ 5. Castle further averred Kulp and other individuals were residing at the property without right or permission, and they refused to deliver possession of the property upon Castle's demand. *See id.* at ¶¶ 3, 10-11. Castle did not seek monetary damages, but rather, only recovery of the premises.

The case proceeded to a hearing before three arbitrators on November 16, 2017. The arbitrators, with one dissenting, entered an award in favor of Castle and against Kulp in the amount of $0.00. Thereafter, on November 30, 2017, Kulp filed an answer with new matter and a counterclaim. However, on December 22, 2017, Kulp filed both (1) a *praecipe* for entry of judgment on the arbitration award, and (2) a *praecipe* to discontinue his counterclaim. With regard to the arbitration award, Kulp specifically requested judgment be entered as follows:

> "ON THE AWARD" OF THE ARBITRATORS, only (and not otherwise), PURSUANT TO Pa.R.C.P. 1307(c) (and not otherwise), in "NO AMOUNT," in favor of [Castle] and against the DEFENDANTS, in "no amount" (and/or for the amount of "zero").

Praecipe for Judgment, 12/22/2017 (capitalization in original).

On January 11, 2018, Castle filed a motion for summary judgment, seeking possession of the property because, *inter alia*, "[t]he Arbitration Award entered in favor of [Castle] and against [Kulp] only dealt with the issue

---

[1] It recorded the deed on June 2, 2016. *See* Second Amended Complaint, 6/27/2017, at ¶ 5.

of monetary damages." Castle's Motion for Summary Judgment for Possession, 1/11/2018, at ¶ 21. Kulp filed both a response and a motion to strike, in which he claimed the case was closed. On February 16, 2018, the trial court entered an order, denying as moot both Castle's motion for summary judgment and Kulp's motion to strike, and directing,

> consistent with the arbitration award on November 16, 2017, judgment be entered in favor of Plaintiff Castle 2016 LLC and against Defendants Wayne Kulp and Occupants for possession of the premises known as 2264 Seipstown Road, Fogelsville, Lehigh County, Pennsylvania [.]

Order, 2/16/2018, at 1-2.[2] Castle praeciped for the entry of judgment for possession on February 27, 2018. That same day, Kulp filed a motion for reconsideration, which the trial court denied the next day. This timely appeal followed.[3]

On appeal, Kulp argues the trial court improperly, and without any authority, molded the arbitration award more than 30 days after it was entered to include a judgment of possession. Relying upon Pennsylvania Rule of Civil Procedure 1307, Kulp maintains a trial court may mold an arbitration award "ONLY on application, and ONLY for 'an obvious and unambiguous error'

---

[2] The order was docketed on February 21, 2018.

[3] On March 9, 2018, the same day he filed a notice of appeal, Kulp filed another motion for reconsideration and a motion for recusal/reassignment to another trial judge. No rulings on these motions are included in the certified record, or noted on the docket. On April 5, 2018, the trial court ordered Kulp to file a concise statement of errors complained of on appeal. Kulp complied with the court's directive, and filed a concise statement on April 24, 2018.

– which was not present here." Kulp's Brief at 13. Kulp emphasizes he entered judgment on the award on December 22, 2017. Consequently, he contends after 30 days, the court had no authority to change that award. Accordingly, Kulp insists "there was no legal authority" for the court's action in the present case, and the February 27, 2018, judgment should be stricken.

A challenge concerning "the interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law[,]" which we review under a *de novo* standard. ***Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011) (quotation omitted), *aff'd*, 91 A.3d 680 (Pa. 2014).

Kulp has correctly recited the rules regarding appeals from arbitration awards. ***See*** Kulp's Brief at 12-15. Pursuant to Pennsylvania Rule of Civil Procedure 1307, an arbitration award is final if no appeal is taken within 30 days of the entry of the award on the docket. ***See*** Pa.R.C.P. 1307(c). Subsection (d) of the Rule provides that, "upon application of a party" within that same 30-day period, a trial court may mold an award "[w]here the record and the award disclose an obvious and unambiguous error in the award in mathematics or language[.]" Pa.R.C.P. 1307(d). Here, as Kulp states in his brief, no application was made to mold the award within the requisite 30-day period.

Nevertheless, we conclude Kulp is entitled to no relief. We agree with the trial court that its February 16, 2018, order was not an attempt to "mold"

the arbitration award, but rather a simple clarification. As the court explained in its opinion accompanying the February 16th order:

> The arbitrators' award stated "ON ORIGINAL CLAIM: We find in favor of P Castle 2016 LLC and against the D Wayne Kulp and Occupants in the amount of N." It is undisputed that "in the amount of N" means no amount. [Kulp] assert[s] the arbitrators would have addressed possession of the property in the section of the award form titled "Alternate Award" had they intended to address possession of the property. In other words, [Kulp] contend[s] the arbitrators made no award as to possession of the property, but did conclude [he] owed no money to [Castle].
>
> Nowhere in [Castle's] Second Amended Complaint was there any hint of any claim for money damages, such as rents, profits or damages. Nor was there any counterclaim before the arbitrators; that had been filed after the arbitration. Rather, [Castle] sought only possession of the property, and the arbitrators' award clearly stated they found in favor of [Castle] on the original claim. In fact, it was the only claim before them.
>
> * * * *
>
> The arbitrators decided in favor of [Castle] and against [Kulp] on the one and only issue before them, *viz.* Possession of the property. Therefore, [Castle] is entitled to judgment for possession of the property and no other relief from [Kulp].

Trial Court Opinion, 2/16/2018, at 2-3.

We find no basis to disagree with the court's analysis. The **only** claim in Castle's complaint was a claim for possession of the property. ***See*** Second Amended Complaint in Civil Action in Ejectment, 6/27/2017, at 2 ("WHEREFORE, Plaintiff seeks to recover possession of said premises."). By finding in favor of Castle "ON ORIGINAL CLAIM," the arbitrators determined Castle was entitled to possession. There was no request for monetary damages; therefore, the arbitrators awarded none. Accordingly, we find the trial court's February 16, 2018, order, entering judgment for possession in

favor of Castle,[4] was not an attempt to mold or change the prior judgment, but rather, a clarification.  No relief is warranted.

Judgment affirmed.  Kulp's Application to File Post Argument Brief is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19

---

[4] As noted **supra**, the February 16, 2018, Order was entered on the docket on February 21, 2018.  Subsequently, Castle filed a *praecipe* to enter judgment on February 27, 2018.